# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADRIAN TARAU, | )<br>) |
| Plaintiff, | ) Case No. 15-CV-03545<br>) |
| v. | )<br>) Judge Joan B. Gottschall |
| LUCIAN COLTEA and AURICA COLTEA, | )<br>) |
| Defendants. | )<br>) |
| LUCIAN COLTEA, | )<br>) |
| Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| ADRIAN TARAU, | )<br>) |
| Counter-Defendant. | ) |

## MEMORANDUM AND ORDER

In his complaint, Plaintiff Adrian Tarau ("Tarau") alleges that Lucian and Aurica Coltea ("the Colteas") breached an agreement signed August 27, 2007, to sell a Romanian castle and pay him twenty-five percent of the proceeds ("the 2007 Agreement"). (See Compl. ¶¶ 7–12 & Ex. A, ECF No. 1.) Lucian Coltea ("Coltea") has filed a counterclaim for his attorney's fees for defending this action, alleging that by filing this lawsuit, Tarau breached a May 2005 settlement agreement ("the 2005 Settlement Agreement") which provides for the recovery of fees. (*See* ECF No. 42 ¶¶ 9–11. & Ex. 2.)

Two motions filed by Tarau are before the court: a motion to dismiss Coltea's counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and a motion to strike the Colteas' four affirmative defenses pleaded in their amended answer. The

1

question of what, if any, effect the 2007 Agreement had on the 2005 Settlement Agreement looms large over these proceedings, but the court cannot answer it at this stage because the authenticity and validity of the 2007 Agreement attached to the pleadings remain in dispute. Accordingly, the court denies the motion to dismiss and grants in part the motion to strike certain defenses the court finds to be redundant.

**I. BACKGROUND**

In his counterclaim, Coltea alleges that he and Tarau formed a business partnership in or around 1999. (ECF No. 42 ¶ 3.) Tarau allegedly sued Coltea in the Circuit Court of Cook County, Illinois, in or around March 2005 alleging that Coltea did not distribute income and profits from some properties bought and sold by the partnership, including the castle. (*See id*. ¶¶ 5–9.) The parties settled in May 2005, according to the counterclaim.

Tarau sues on an agreement allegedly "entered into" on August 27, 2007. (Compl. ¶ 7, ECF No. 1.) The agreement allegedly required Tarau to contribute fifty percent of the castle's purchase price and required Coltea to sell it for no less than two million Euros. (*Id*. ¶¶ 8–9.) Again allegedly, Coltea then had to pay Tarau twenty-five percent of the sale price within ten days of the sale. (*Id*. ¶ 11.) Tarau further pleads that the 2007 Agreement stated "this Agreement cancels any prior written or oral agreements." (*Id*. ¶ 12.)

In their amended answer, the Colteas deny, among other things, Tarau's allegation that he paid fifty percent of the castle's purchase price in accordance with the 2007 Agreement. (Defs.' Am. Ans. ¶ 13 ECF No. 41.) The Colteas plead four affirmative defenses:

> 1. The [2007] agreement is barred by a settlement agreement entered into in May 2005.
>
> 2. Plaintiff did not contribute 50% of the purchase price.
>
> 3. The agreement fails for want of consideration. Any obligations or credits due Plaintiff for monies paid toward the purchase of the

2

> castle at issue were released and extinguished under the May 2005 settlement agreement.
>
> 4. The agreement fails for failure of consideration. Any obligations or credits due Plaintiff for monies paid toward the purchase of the castle at issue were released and extinguished under the May 2005 settlement agreement.

(*Id.* at 6.)

**II. MOTION TO DISMISS COUNTERCLAIM**

The court applies the same standard to a Rule 12(b)(6) motion to dismiss a counterclaim as it does on a motion to dismiss a complaint. *See, e.g., Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1014 (N.D. Ill. 2009). To survive a Rule 12(b)(6) motion to dismiss, a pleading must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)); *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016) (quoting *Tombly*, *supra*). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Atkins v. City of Chi.,* 631 F.3d 823, 832 (7th Cir. 2011) ("[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). When deciding a motion to dismiss under Rule 12(b)(6), the court takes all facts alleged by the pleader as true and draws all reasonable inferences from those facts in the pleader's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Katz-Crank*, 843 F.3d at 646 (citing *Iqbal*, 556 U.S. at 662, 663); *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## A. Rule 54(d) Does Not Bar The Counterclaim

Tarau argues that Coltea's counterclaim must be dismissed because he has to proceed, if at all, under Federal Rule of Civil Procedure 54(d). That rule provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

According to Coltea's counterclaim, the 2005 Settlement provides that "[i]n the event of such a dispute, the prevailing party will be entitled to recover from the other party reasonable expenses, attorney's fees, and costs." (ECF No. 42 ¶ 11 (allegedly quoting agreement).) Where a contract provides for an award of attorney's fees to a prevailing party, the court ordinarily should wait until the conclusion of the litigation to determine who the prevailing party is. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1013–15 (7th Cir. 1985) (considering district court's award of costs under contract allowing the "prevailing party" to recover fees after the district court disposed of the case on its merits); *AA Sales & Assocs., Inc. v. JT&T Prods. Corp.*, No. 98 C 7954, 2001 WL 641498, at *1–2 (N.D. Ill. June 4, 2001) (awarding fees under contract's fee-shifting clause after conclusion of suit). In addition, under Illinois law, "the existence of a contractual provision obligating one party to pay attorney fees does not relieve the other of its burden to establish the reasonableness of the amount requested." *Chamberlain Mfg. Corp. v. Maremont Corp.*, 1995 WL 769782, at *8 (N.D. Ill. Dec. 29, 1995) (quoting *Kaiser v. MEPC Am. Props., Inc.*, 518 N.E.2d 424, 428 (Ill. App. Ct. 1987)). A final reasonableness determination and award cannot be made until litigation on the merits concludes and all claimed fees can be assessed for reasonableness. *See AA Sales & Assocs.*, 2001 WL 641498, at *3–5 (reducing fees requested under contract as partially unreasonable); *Chamberlain*

*Mfg.*, 1995 WL 769782, at *8–9 (analyzing fee petition and reducing certain categories of time spent after trial).

That final adjudication of Coltea's counterclaim may have to await the adjudication of other claims does not resolve the question of whether the claim should be dismissed, however. This may be, at most, a timing problem. The court can use its inherent powers to manage its docket and to order separate trials to address sequencing problems, *see* Fed. R. Civ. P. 42(b).

The parties have not addressed whether Illinois law allows any portion of Coltea's counterclaim to be tried to a jury. Tarau cites cases holding that the fee-shifting provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(3), does not create an independent claim for attorney's fees. *See, e.g., Young v. Reuben*, 1:04 CV 0113 SEB VSS, 2005 WL 1484671, at *1 (S.D. Ind. June 21, 2005). Those cases are inapposite, however, because this is a diversity action in which the parties assert Illinois contract law applies, and under Illinois law, whether a party is a prevailing party under a contractual fee-shifting provision "is a mixed question of fact and law, or stated differently, an application of the legal standard ("substantially prevailing" [used in the particular contract]) to the facts." *Tax Track Sys. Corp. v. New Investor World, Inc.*, 478 F.3d 783, 788–89 (7th Cir. 2007). A judge may sit as the fact finder on that question. *See, e.g., id*. at 789. Tarau cites no case, however, under Illinois law holding that a jury may not decide those questions, and the fact that a differing standard of review may apply depending on who sits as fact finder at least suggests that the question may be properly put to a jury in an appropriate case. *See id*. (citing *Mayer v. Gary Partners & Co., Ltd.*, 29 F.3d 330, 334 (7th Cir. 1994)) (qualifying standard of review determination in terms of who sits as fact finder: "In a diversity suit when the judge acts as a fact finder (as he does in deciding whether a party substantially prevailed), the federal standard of review applies.").

5

Indeed, applying Illinois contract law, the Seventh Circuit has affirmed at least one jury award of attorney's fees on a counterclaim for breach of a contract that included a fee-shifting provision. *Pa. Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227–28 (7th Cir. 1989) (rejecting argument that jury's award of fees should be reduced due to alleged inconsistency in damages and fee awards). Tarau offers no contrary authority, and the court therefore concludes Rule 54(d) does not preclude Coltea's counterclaim.

**B. The Court Cannot Determine The Effect Of The 2007 Settlement Agreement Because Its Authenticity And Validity Are Disputed**

"Under Illinois law, a breach of contract claim has four elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Haywood v. Chi. Hous. Auth.*, --- F.Supp.3d ----, No. 15 C 8317, 2016 WL 5405052, at *12 (N.D. Ill. Sept. 28, 2016) (other citation omitted) (quoting *Hess v. Bresney*, 784 F.3d 1154, 1158–59 (7th Cir. 2015); *accord. Chandler v. Sw. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 311 (N.D. Ill. 1995). According to Tarau, the Colteas cannot show a breach of the 2005 Settlement Agreement because the 2007 Agreement voided it. (Mot. to Dismiss 5–7.) The Colteas respond that the court cannot resolve this issue at the Rule 12(b)(6) stage because it calls for the resolution of disputed facts. The court agrees.

As a general rule, the court must limit its inquiry on a Rule 12(b)(6) motion "to the factual allegations contained within the four corners of the complaint." *Vazquez v. Cent. States Joint Bd.*, 547 F. Supp. 2d 833, 850 (N.D. Ill. 2008) (quoting *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1236 (N.D. Ill. 2005)). If the court considers material outside the complaint, it must ordinarily convert the Rule 12(b)(6) motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Nonetheless, "[d]ocuments that a defendant attaches to a motion to dismiss are

considered part of the pleadings if they are referred to in the [pleading] and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

The 2007 Agreement may be central to the parties' claims and so can be considered. The Colteas did not attach a copy of it to their counterclaim, but a purported copy appears as an exhibit to Tarau's complaint. (ECF No. 1 Ex. A.) Coltea pleads in his counterclaim that Tarau alleges that the 2007 Agreement exists (¶ 13), so the question becomes whether it is central to Coltea's counterclaim. A review of the pleadings and the parties' filings shows that the 2005 and 2007 agreements can be fairly characterized as "constitut[ing] the core of the parties' contractual relationship." *Venture Assocs.*, 987 F.2d at 432 (holding district court may consider documents referred to in the complaint that fall into this category).

Even if the 2007 Agreement can be considered, and the court need not decide the question definitively, the Colteas dispute its validity. Again, the Colteas deny in their answer that the parties "entered into" the 2007 Agreement. (Defs.' Am. Ans. ¶¶ 7–8.) Coltea pleads in his counterclaim that Tarau alleges that the 2007 Agreement exists, but Coltea does not admit that it does. (*See* Countercl. ¶ 13.) It is not entirely clear precisely what facts about the formation of the 2007 Agreement the Colteas dispute, but given the Colteas' answer, their denial may include a challenge to the authenticity of the attached contract as well as facts going to the enforceability of the 2007 Settlement Agreement. The court cannot resolve those disputes at the Rule 12(b)(6) stage by determining the 2007 Agreement's effect as if it were fully operative.[1]

---

[1] Though the court does not reach the question, Tarau bears the burden to prove his theory of the 2007 Agreement. Tarau relies on *Cincinnati Ins. Co. v. Leighton,* 403 F.3d 879, 887–90 (7th Cir. 2005), in which a contract operated as a novation that superseded a prior agreement. As that court explained, under Illinois law, "[t]he four elements of a novation, which the party establishing the defense must prove by a preponderance of the evidence, are: '[1] a previous, valid obligation; [2] a subsequent agreement of all the parties to the new contract; [3] the extinguishment of the old contract; and [4] the validity of the new contract.'" *Id.* at 887 (quoting *Phillips & Arnold, Inc. v. Frederick J. Borgsmiller, Inc.*, 462 N.E.2d 924, 928 (Ill. App. Ct. 1984)).

*See Chi. Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 764 (N.D. Ill. 2014) (citing *Tierney v. Vahle*, 304 F.3d 734, 738–39 (7th Cir. 2002)) (refusing to consider contract attached to Rule 12(b)(6) motion papers, stating that consideration "would be appropriate only if it is 'concededly authentic' and 'central to the plaintiff's claim'"); *Lagen v. United Cont'l Holdings, Inc.*, 920 F. Supp. 2d 912, 917 (N.D. Ill. 2013) (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)) (considering contracts attached to complaint but finding that "does not however, mean that the Court is required to adopt Defendant's allegations regarding the effect of such documents" and declining to adopt defendants' allegations).

### III. MOTION TO STRIKE AFFIRMATIVE DEFENSES

Tarau also moves pursuant to Rule 12(f)(2) to strike the Colteas' four affirmative defenses. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The rule affords the court "considerable discretion." *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992)).

First, Tarau argues that the defenses should be stricken to the extent they deny that the 2007 Agreement voided the 2005 Settlement Agreement. (*See* Mot. to Strike 7–9.) For the reasons already stated, the court cannot determine what, if any, effect the 2007 Agreement had on the 2005 Settlement Agreement, and so this argument fails.

Some of the Colteas' defenses are redundant, however. The third and fourth affirmative defenses both plead that the 2007 Agreement failed for "want" (defense three) or "failure" (defense four) of consideration. (Defs.' Am. Ans. at 6.) One failure of consideration defense

suffices, and the Colteas do not explain the need for two. Also, the second affirmative defense repeats the Coltea's denial of the allegation that Tarau did not contribute fifty percent of the purchase prices, as the 2007 Agreement allegedly required. Because "[i]t is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint," the court strikes the second affirmative defense as redundant. *Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667, 667 (N.D. Ill. 2007) (citing *Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983)).

Tarau also attacks all four defenses under the Rule 12(b)(6) standard, stating that the Colteas fail to plead facts in support of their defenses. Coltea's factual allegations supporting his first affirmative defense—that the 2005 Settlement Agreement bars the claim—can be found in his separately filed counterclaim. Coltea should have pleaded his counterclaim in his answer. *See* Fed. R. Civ. P. 13(a) ("*A pleading* must state as a counterclaim . . . ." (emphasis added)); *id.* R. 13(e); *id.* R. 7(a) (listing answer among pleadings but not allowing a separate counterclaim as a pleading)). Tarau articulates no way in which he has been prejudiced by the use of separate documents, however. His briefing instead reflects an understanding of Coltea's position.[2] Accordingly, the court sees no point in striking this defense. *See Rivertree Landing*, 246 F.R.D. at 668 (denying motion to strike, in part, because "plaintiff fail[ed] to identify how it [wa]s prejudiced by these affirmative defenses").

---

[2] In support of the affirmative defense of lack of consideration, the Colteas allege that Tarau never paid the fifty percent of the castle's purchase price as the 2007 Agreement allegedly required. The Colteas' inclusion of that denial among their affirmative defenses may have been redundant, but the allegation it repeats gives the plaintiff fair notice of the factual basis of the defense. *See Rivertree Landing*, 246 F.R.D. at 668 ("[a]ffirmative defenses . . . must contain a short and plain statement upon which relief may be granted" (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989))).

## IV. CONCLUSION

For the reasons given above, Tarau's motion to dismiss Coltea's counterclaim (ECF No. 45) is denied. Tarau's motion to strike (ECF No. 44) is granted in part and denied in part. Defendants' second and fourth affirmative defenses pleaded in their amended answer (ECF No. 41 at 6) are stricken under Rule 12(f).

Date: February 2, 2017 /s/
Joan B. Gottschall
United States District Judge